**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jack D. REXFORD,**
**Defendant–Appellant.**

No. 89–10199.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 8, 1990.

Submitted May 24, 1990.

Opinion Filed May 24, 1990.

Opinion Withdrawn June 29, 1990.

Order and Opinion Filed June 29, 1990.

---

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Lou Braco, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before WALLACE, ALARCON and LEAVY, Circuit Judges.

## ORDER

The government's petition for rehearing is granted. The opinion filed May 24, 1990 is withdrawn.

ALARCON, Circuit Judge:

Jack D. Rexford appeals from his sentence of sixteen months imprisonment under the Sentencing Guidelines. Rexford entered a plea of guilty on December 29, 1988, pursuant to a written plea agreement. On appeal, Rexford raises two constitutional challenges to the Guidelines. He also argues that the district court erred in failing to reduce his offense level for a minor role in the offense, and contests the $50 special assessment imposed by the district court under 18 U.S.C. § 3013 (1988). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 2, 1988, a federal grand jury returned an indictment charging Rexford with three narcotics offenses. Count one of the indictment charged that Rexford conspired with Kurt A. Harrington and Jack R. Brauher, an unindicted co-conspirator, to manufacture, possess with intent to distribute, and distribute marijuana. Counts two and three charged Rexford with possessing marijuana with intent to distribute. On December 29, 1988, Rexford pled guilty to the conspiracy count pursuant to a plea agreement. The prosecution agreed to dismiss the remaining counts of the indictment after sentencing.

The indictment charged that, beginning in early 1988, Harrington and Brauher were involved in cultivating, harvesting, and packaging marijuana on the island of Hawaii. Harrington and Brauher planted the marijuana in forested areas of Hawaii, dried the plants, and trimmed them. The trimmed plants were taken to Harrington's residence where they were weighed and packaged into false-bottomed macadamia nut cans.

On or about September 15, 1988, Rexford arrived in Hawaii. He accepted an invitation to live at Harrington's house two days later. Working with Harrington for a period of five hours over three days, Rexford participated in the packaging of 15 pounds of marijuana.

On or about October 4, 1988, Harrington gave a courier the 30 macadamia nut cans that he and Rexford had packaged. The DEA seized these macadamia nut cans from the courier at Honolulu International Airport, and federal drug agents arrested Rexford on October 6, 1988. On April 7, 1989, Rexford was sentenced under the Sentencing Guidelines. The district court imposed a sixteen-month prison term, and a $3000 fine for the cost of supervised release. Rexford was also ordered to submit to drug treatment if necessary. In addition, the district court imposed a $50 Special Assessment pursuant to 18 U.S.C. § 3013, but stayed payment of the assessment.

Based on the 15 pounds of marijuana that Rexford had helped to package, the pre-sentence investigation report calculated Rexford's base offense level as 14 under Sentencing Guidelines §§ 2D1.1(a)(3) and

**1282**

2D1.4. A two-point reduction in offense level for Rexford's acceptance of responsibility reduced the offense level to 12. The court did not give Rexford a reduction for a minor role in the offense.

## DISCUSSION

### A. *Constitutional Challenges*

Rexford's two constitutional challenges are precluded by recent case law. His claim that the Sentencing Guidelines offend due process by restricting the sentencing court's discretion and infringing a defendant's right to an individualized sentence was rejected in *United States v. Brady*, 895 F.2d 538 (9th Cir.1990). *See id.* at 544. His claim that facts relied on for sentencing purposes must be proved beyond a reasonable doubt in order to meet due process requirements was rejected in *United States v. Wilson*, 900 F.2d 1350 (9th Cir. 1990). *See id.*, at 1354 ("[D]istrict courts are constitutionally required to make factual determinations underlying application of the Guidelines by at least a preponderance of the evidence.").

### B. *Minor Role in the Offense*

Rexford's third contention is that the district court erred in failing to grant him a two-point reduction in his offense level under § 3B1.2(b) of the Guidelines for his minor participation in the offense. A "minor participant" is defined in the application notes to § 3B1.2(b) as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." " 'A district court's finding that a defendant does not qualify for minimal or minor participant status is, as the commentary points out, "heavily dependent on the facts of the particular case," and should be upheld unless clearly erroneous.' " *United States v. Christman*, 894 F.2d 339, 341 (9th Cir.1990) (quoting *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989) (per curiam)); *see also United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989) (whether defendant is a minor participant is a factual determination subject to the clearly erroneous standard).

■ Rexford argues that the district court erred as a matter of law by failing to compare the relative culpability of the participants in the conspiracy. Relying on the language that defines "minor participant" as "any participant who is less culpable than other participants," Rexford asserts that, because he was a less significant participant than Harrington, he was entitled to a reduction in offense level.

Rexford's argument is unpersuasive; a district court is not compelled to determine whether a defendant was or was not the least culpable participant in determining whether that defendant's role was "minor." In *Sanchez–Lopez*, this court cited with approval the Fifth Circuit's conclusion that " 'a simple statement that the defendant was not a "minor participant" will suffice as a factual finding.' " 879 F.2d at 557 (quoting *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir.1989)); *see also United States v. Howard*, 894 F.2d 1085, 1088 (9th Cir.1990) ("Section 3B1.2 does not require a district court to use a particular terminology when it articulates its results."); *United States v. Rigby*, 896 F.2d 392, 394–95 (9th Cir.1990) (rejecting the argument that a defendant is entitled to an evidentiary hearing to determine minor participant status). Adopting Rexford's approach would entitle a defendant to a two-point reduction, as a matter of law, merely because he was less culpable than his co-defendant. *See Howard*, 894 F.2d at 1088 (making this argument). Such an automatic conveyance of minor participant status was not contemplated by the Guidelines, which allow for, but do not *require*, adjustments for roles in offenses committed by multiple participants. "When an offense is committed by more than one participant §§ 3B1.1 or 3B1.2 (*or neither*) may apply." Sentencing Guidelines § 3B1.1 Introductory Commentary (emphasis added). The district court's failure to engage in a detailed comparison of Rexford's and Harrington's roles in the criminal activity was not error as a matter of law.

■ Nor is the district court's finding that Rexford was not a minor participant clearly erroneous. The sentencing tran-

script indicates that the district court considered Rexford's role in the criminal activity:

His role was central. He may not have been the most significant participant, but that is not what is required under the guidelines. What is required is that he be a minimal or minor participant, not simply that he be the least significant.

The district court found that Rexford packaged 15 pounds of marijuana into macadamia nut containers over a three-day period, had picked up the intended courier from the airport, and had received compensation for his services in the form of lodging at Harrington's home and marijuana for his own use. In addition, the district court found that Rexford was "not credible in the least with regard to his role in the offense or his naivete. He was a man who was deeply involved with marijuana...." Because it was supported by these facts, the district court's refusal to grant Rexford a downward adjustment for minor participant status was not clearly erroneous.

C. *Special Assessment*

Rexford's final argument contests the constitutionality of the district court's imposition of a special assessment. The Supreme Court recently upheld the constitutionality of a special assessment on convicted persons in *United States v. Munoz–Flores*, — U.S. ——, 110 S.Ct. 1964, 107 L.Ed.2d 17 (1990). We therefore affirm the special assessment on Rexford.

AFFIRMED.