942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Thomas GARCIA, Defendant-Appellant.
 No. 90-50203.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1991.
Decided Aug. 22, 1991.
 
 Before: ALARCON, WILLIAM A. NORRIS WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Thomas Garcia appeals the thirty-month sentence he received after being convicted of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). He contends that the district court erred in not granting him two-point reductions for minor participant status and acceptance of responsibility. He further contends that the district court erred in departing upward from the Sentencing Guidelines range. Because we find that the district court's reasoning in denying the acceptance reduction and in departing upward was erroneous, we vacate Garcia's sentence and remand.
 
 DISCUSSION
 A.
 
 3
 Garcia contends that he was a minor participant in the crime of transporting illegal aliens, and that therefore, he was entitled to a two-point reduction in his offense level under U.S.S.G. § 3B1.2(b). Based on all the evidence presented and the presentations of counsel at the sentencing hearing, the district court judge found that Garcia was not a minor participant. As it is a factual issue, this court reviews for clear error a district court's finding regarding a defendant's participation status. United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990).
 
 
 4
 For purposes of § 3B1.2, a "minor participant means any participant who is less culpable than most other participants ..." U.S.S.G. § 3B1.2, Application Note 3. Garcia bases his argument on a comparison of his role in the crime to that of Malacara-Villegas. The illegal aliens were guided across the border by Malacara-Villegas, and they stayed at his apartment in National City, California, until Garcia arrived to provide transportation north. There was evidence to indicate that Malacara-Villegas would have driven the aliens himself had his vehicle had been in better condition. Garcia contends that, because Malacara-Villegas planned the illegal activity, he was simply a minor participant.
 
 
 5
 Assuming arguendo that Garcia is less culpable than Malacara-Villegas, that fact alone is insufficient to dictate that Garcia is a minor participant. In United States v. Rexford, 903 F.2d 1280 (9th Cir.1990), the appellant argued that he was a minor participant in comparison to other defendants. This court stated: "[Appellant's] argument is unpersuasive; a district court is not compelled to determine whether a defendant was or was not the least culpable participant in determining whether that defendant's role was 'minor'." Id. at 1282. The district court in Rexford found that the defendant was not a minor participant, even where the other parties involved in the criminal conduct appeared more culpable, and this court affirmed that finding. Id. at 1282-83.
 
 
 6
 On the merits, the district court did not commit clear error in finding that Garcia was not a minor participant. Garcia owned and drove the vehicle that transported the illegal aliens within California. His participation was an indispensable element of the crime.
 
 B.
 
 7
 Garcia contends that he accepted responsibility for his crime and that he therefore was entitled to a two-point reduction under U.S.S.G. § 3E1.1. The determination of acceptance of responsibility is a factual issue which is reviewed by this court for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 8
 To understand completely this issue, an explanation of the district court's decision making process is necessary. The sentencing transcript indicates that the court was initially compelled to give Garcia an acceptance of responsibility reduction. However, it was subsequently brought to the court's attention that application note 4 to § 3E1.1 dictated that an acceptance reduction was not warranted when a defendant obstructs justice. The court seemed convinced that the appellant had perjured himself in obstruction of justice. Therefore, the court was compelled by the application note not to give Garcia the acceptance reduction. The Government then requested a two-point increase for obstruction of justice. The court refused to give the increase, reasoning that to do so would count the obstruction twice (once in denying the acceptance decrease, and once in granting the obstruction increase).
 
 
 9
 Unfortunately, the district court erred in utilizing the application note. The Guidelines had been amended, as of November 1989, and the application note relied on by the district court was changed. Because Garcia was sentenced on February 23, 1990, the amended version of the application note was in effect. It reads:
 
 
 10
 Conduct resulting in enhancement under § 3C1.1 (Willfully Obstructing of Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.
 
 
 11
 U.S.S.G. § 3E1.1, Application Note 4. Under the note's amended language, the district court was not absolutely prohibited from denying Garcia a two-point acceptance reduction. The court's reasoning was therefore erroneous. Because the district court relied on an outdated application note, it made no definitive factual findings with regards to the acceptance of responsibility issue. Because of the district court's error, we have an insufficient record before us on appeal. We must vacate Garcia's sentence and remand the case to the district court. On remand, we express no opinion regarding the adequacy of the record in support of either an acceptance of responsibility reduction or an obstruction of justice increase. We note, however, that the court should address the acceptance and obstruction issues independently in light of the amended application note, and make the necessary factual findings accordingly.
 
 C.
 
 12
 Garcia claims that the district court's sentence of thirty months' imprisonment was an unreasonable upward departure. Under this court's recent decision in United States v. Lira-Barraza, No. 88-5161, slip op. 9025 (9th Cir., July 22, 1991) (en banc), we find that the district court erred in departing upward. In justifying the amount of the departure, the district court relied solely on its former departure cases. The court failed to provide a "reasoned explanation of the extent of the departure founded on the structure, standards and policies of the [Sentencing Reform] Act and [Sentencing] Guidelines." Id. at 9039. On remand, the district court must consider any departure in light of the factors enunciated in Lira-Barraza. It should consider the grounds for departure (criminal history and highspeed chase) independently.
 
 CONCLUSION
 
 13
 The sentence imposed by the district court is vacated, and the case is remanded for resentencing consistent with this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit as provided by 9th Cir.R. 36-3