947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Lee MOSTELLER, Defendant-Appellant.
 No. 90-50551.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 5, 1991.
 
 Before FLETCHER, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Lee Mosteller appeals his sentence imposed following entry of a guilty plea to conspiracy to manufacture and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mosteller contends that we should vacate his sentence because he received a disproportionately severe sentence compared to those received by his codefendants. He also contends the district court erred by failing to give him a downward adjustment for a mitigating role in the offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Disproportionate Sentencing
 
 
 4
 Except for contesting the denial of a mitigating role adjustment, Mosteller does not object to the district court's calculation of his offense level and does not claim on appeal that his sentence violated constitutional requirements.[1] Rather, he argues that we should vacate his sentence and remand to give the district court the opportunity to depart downward from the United States Sentencing Guidelines (Guidelines) range because his allegedly equally or more culpable codefendants received significantly lower sentences. Mosteller maintains that the goal of sentencing uniformity articulated in 18 U.S.C. § 3553 and the Guidelines requires us to vacate his sentence and remand for the district court to depart downward from the Guidelines range.
 
 
 5
 We have previously held that where a defendant's challenge to his sentence is "based solely on the disparity between his sentence and his [codefendants'], his challenge must fail." United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990). In reaching this conclusion, we agreed with the Fifth and Seventh Circuits that "a defendant must show that his sentence was the result of incorrect or inadmissible information, or an incorrect application of the Sentencing Guidelines." Carpenter, 914 F.2d at 1136 (citing United States v. Guerrero, 894 F.2d 261, 267-68 (7th Cir.1990) and United States v. Boyd, 885 F.2d 246, 249 (5th Cir.1989)).
 
 
 6
 Here, Mosteller was sentenced prior to his codefendants and before a different judge. At his sentencing, Mosteller declined to challenge the presentence report's (PSR) determination as to the quantity of methamphetamine involved in the crime. His codefendants successfully challenged the PSR's drug quantity determination at their sentencing hearings, resulting in a lower base offense level.
 
 
 7
 Mosteller's request that we vacate and remand his sentence is based solely on the subsequent lesser sentences received by his codefendants and not on any allegation of error in the application of the Guidelines. 18 U.S.C. § 3553 creates no right of appeal based upon an extrajudicial proceeding. Therefore, Mosteller is not entitled to have his sentence vacated and remanded for the purposes of allowing the district court to equalize the sentencing disparity between him and his codefendants. See Carpenter, 914 F.2d at 1136.
 
 II
 Mitigating Role in the Offense
 
 8
 Mosteller contends the district court erred by failing to adjust downward his offense level based upon his minor role in the offense of conviction. Mosteller argues that the district court clearly erred when it concluded that he was a "full partner" in the conspiracy, assisting in the manufacture of chemicals and in obtaining precursor chemicals and in doing other preparatory work.
 
 
 9
 We review de novo the district court's construction and interpretation of the Guidelines section on a defendant's role in the offense. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). The district court's factual decisions regarding the defendant's role in the offense, however, are reviewed for clear error. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3264 (U.S. Oct. 7, 1991); United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990).
 
 
 10
 U.S.S.G. § 3B1.2 provides for a minor role in the offense downward adjustment of two points which is intended to apply to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. n. 3. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). "A district court is not compelled to determine whether a defendant was or was not the least culpable participant in determining whether that defendant's role was 'minor'." United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). The mitigating role adjustments " 'are to be used infrequently.' " Id. (quoting United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990)).
 
 
 11
 Here, Mosteller raised no objections to the factual accuracy of the PSR. The PSR stated that one of Mosteller's codefendants informed an undercover officer that Mosteller was manufacturing methamphetamine. The PSR also stated that Mosteller admitted purchasing on three separate occasions chemicals and materials to manufacture methamphetamine. In addition, although Mosteller denied to the probation officer that he knew how or even helped to manufacture the drug, he admitted that he expected to receive as pay one-half pound of methamphetamine which he would then sell for profit.
 
 
 12
 In light of this evidence, we hold the district court did not clearly err by concluding that Mosteller was a "full partner" in the conspiracy and that he assisted in the purchase and manufacture of chemicals and other work preparatory to the manufacturing of methamphetamine. See Andrus, 925 F.2d at 338.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mosteller was sentenced on September 24, 1990. The district court found that the base offense level applicable to Mosteller was 34. No adjustments were found appropriate. His criminal history category was IV. The resulting Guidelines sentencing range was 210 to 262 months. U.S.S.G. § 5A. Mosteller was sentenced to 210 months, the bottom of the Guidelines range
 Mosteller's base offense level was calculated according to the presentence report's determination that the conspiracy was capable of manufacturing approximately 13 kilograms of methamphetamine, although no methamphetamine was actually produced. Thirteen kilograms of methamphetamine is equivalent to 26 kilograms of cocaine according to the presentence report. Presentence Report at 10.