949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin KING, Defendant-Appellant.
 No. 90-50517.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 5, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin King appeals his conviction for conspiracy to distribute phencyclidine (PCP), in violation of 21 U.S.C. § 846, and possession with the intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1). He also appeals his sentence. King contends the evidence is insufficient to support his convictions, and that the district court erred in imposing his sentence when it declined to grant him minor participant status under section 3B1.2 of the Federal Sentencing Guidelines. We have jurisdiction under 18 U.S.C. § 1292 and we affirm.
 
 DISCUSSION
 A. Sufficiency of the Evidence
 
 3
 "In reviewing the sufficiency of the evidence, this court must determine 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the [defendant] guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.1989) (quoting United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986)). In doing so, this court " 'must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.' " United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (quoting United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977)).
 
 1. Conspiracy
 
 4
 "The elements of conspiracy are 1) an agreement to accomplish an illegal objective, 2) coupled with one or more acts in furtherance of the illegal purpose, and 3) the requisite intent necessary to the underlying substantive offense." United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987).
 
 
 5
 The existence of an agreement to accomplish an illegal purpose may be proved by circumstantial evidence that several individuals acted together for a common illegal goal. Id. Here, the evidence established that Taylor, Lee and Nolan conspired to distribute PCP. The three of them orchestrated the entire transaction.
 
 
 6
 Once a conspiracy is shown to exist, "evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." Id. A defendant's presence at the scene of the illicit activity may support such an inference when viewed in context with other evidence. Id. Acting as a lookout constitutes an act in furtherance of a conspiracy. Id.
 
 
 7
 King was present at the scene of the proposed drug deal. He opened the Oldsmobile's trunk to display the five-gallon drum of PCP in response to Nolan's gesture. He stated there was danger in conducting the transaction out in the open because police might be around. He admitted he was recruited to be a lookout. A reasonable jury could find from this evidence that King was a member of the conspiracy to distribute PCP.
 
 2. Possession
 
 8
 Possession of a controlled substance may be constructive as well as actual. United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.1989); United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Constructive possession may be proven by the defendant's participation in a "joint venture" to possess a controlled substance. Disla, 805 F.2d at 1350. "The ultimate question is whether, viewing the evidence in a light most favorable to the government, the evidence establishes a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised a dominion and control over the substance." Id.
 
 
 9
 The evidence established that King participated in a joint venture to possess PCP. The fact that he opened the trunk to display the five-gallon drum upon Nolan's signal shows he had a defined role in the transaction. Although there was some question whether King used a key to open the Oldsmobile's trunk, the jury was entitled to believe that he did. Possession of the trunk key, when combined with the circumstances which connect King to the conspiracy, supports a finding that King had constructive possession of the drum of PCP in the Oldsmobile's trunk.
 
 B. Minor Participant Status
 
 10
 King also contends that the district court erred by not granting him minor or minimal participant status under section 3B1.2 of the Federal Sentencing Guidelines.
 
 
 11
 In making a determination of a participant's status under section 3B1.2, a district court is not required to compare the relative culpability of each defendant. United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). The court need merely find that a defendant's role was not minor or minimal. Id. "A district court's finding that a defendant does not qualify for minimal or minor participant status is, as the commentary points out, 'heavily dependent on the facts of the particular case,' and should be upheld unless clearly erroneous." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (quoting Commentary to Federal Sentencing Guidelines § 3B1.2).
 
 
 12
 The district court, after careful consideration, found that King was neither a minor or minimal participant. There is nothing in the record to indicate that this finding is clearly erroneous.
 
 CONCLUSION
 
 13
 There was sufficient evidence to convict King of both the conspiracy and possession charges. The district court did not clearly err by declining to grant King minor or minimal participant status.
 
 
 14
 Having conducted an independent review of the record, we agree that there are no appealable issues other than those presented by the Anders brief filed on King's behalf, see Anders v. California, 386 U.S. 738 (1967), and we grant King's appellate counsel's motion to withdraw from this case.
 
 
 15
 AFFIRMED. Motion to withdraw GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3