951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
CHARLES ROBERT WHARTON, Defendant-Appellant.
 No. 91-50124.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Robert Wharton appeals his sentence under the United States Sentencing Guidelines following his guilty plea to aiding and abetting an unarmed bank robbery in violation of 18 U.S.C. §§ 2(a) and 2113(a). Wharton contends that the district court erred by not granting a downward adjustment of his offense level due to his minor or minimal role in the offense, pursuant to U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A district court's finding that a defendant does not qualify for minor or minimal participant status is "heavily dependent upon the facts of the particular case," U.S.S.G. § 3B1.2, comment. (background), and should be upheld unless clearly erroneous.[1] United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990).
 
 
 4
 The downward adjustment for a minor or minimal role in the offense is to be applied to someone who is "substantially less culpable than the average participant" in the crime, and should be used only infrequently. U.S.S.G. § 3B1.2, comment. (background); Andrus, 925 F.2d at 337; Sanchez, 908 F.2d at 1449.[2] Merely being less culpable than one's co-participants does not automatically result in minor or minimal status. Andrus, 925 F.2d at 338; United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). The defendant has the burden of proving his minor or minimal status by a preponderance of the evidence. Sanchez, 908 F.2d at 1449; United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). In resolving a factual dispute important to the determination of a sentence, the district court may consider any reliable information, whether or not admissible at trial, including the defendant's presentence report in cases where the defendant is on notice of its use and has the opportunity to object and to present evidence on his own behalf at the sentencing hearing. United States v. Notrangelo, 909 F.2d 363, 364-65 (9th Cir.1990).
 
 
 5
 Wharton contends that he should have been accorded minor or minimal participant status because he mistakenly believed that his codefendant, Kenneth Crader, was shoplifting at a sporting goods store rather than robbing a bank and because Crader commandeered the car and led police officers on a high speed chase after Wharton had pulled over to surrender. Nonetheless, Wharton admitted driving the getaway car even after he realized Crader had robbed the bank. Further, the district court specifically adopted Wharton's presentence report which recounted evidence, supplied by Wharton's attorney, that Wharton had bent up the rear license plate in preparation for the crime and had previously discussed committing a bank robbery with Crader.[3] On these facts, the district court found that Wharton was less responsible than Crader and noted that Crader had received an appropriately harsher sentence. It then concluded that, although minor status was a "close call" in light of Andrus, Wharton was neither a minimal nor a minor participant. There was no clear error in this refusal to grant Wharton a downward adjustment for a mitigating role in the crime, even if Wharton was less culpable than Crader. See Andrus, 925 F.2d at 337-38; Rexford, 903 F.2d at 1282.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S.S.G. § 3B1.2(a) provides for a four-point reduction in the base offense level of a minimal participant, defined as a defendant "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. n. 1. Lack of knowledge of the activities of others is indicative of a minimal role. Id. U.S.S.G. § 3B1.2(b) provides for a two-point downward adjustment for a minor participant, defined as a defendant "less culpable than most other participants, but whose role could not be described as minimal." Id., comment. n. 3.
 
 
 [2]
 We have previously noted that it is not clear whether the "average participant" discussed in the commentary section is the average participant in this particular offense or the average participant in this type of crime in general. See Andrus, 925 F.2d at 338; United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We decline to resolve this issue here as the outcome is the same under either comparison. See Andrus, 925 F.2d at 338
 
 
 [3]
 Wharton protests the government's submission of the transcript of Crader's guilty plea and his presentence report, arguing that if the district court relied on this evidence at Wharton's sentencing hearing, his due process rights were violated under Notrangelo. The district court, however, clearly relied on Wharton's own presentence report to set the sentence, and clarified the wording of the report in response to Wharton's objections. See Notrangelo, 909 F.2d at 364-66. The government's inclusion of evidence from Crader's file for the record on appeal is irrelevant