972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Kline JACOBS, Defendant-Appellant.
 No. 91-50689.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided Aug. 18, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PRO, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant George Kline Jacobs appeals his sentence for transportation of three illegal aliens in violation of 8 U.S.C. § 1234(a)(1)(B). Jacobs argues that he was entitled to a sentencing reduction under U.S.S.G. § 3B1.2 on the basis of his role as a minor or minimal participant in a larger alien smuggling scheme, and that his sentence violates due process because it is not "individualized." We affirm.
 
 BACKGROUND
 
 4
 On March 9, 1991, a deputy of the Los Angeles Sheriff's Office observed Jacobs make an illegal turn into a parking lot. The deputy stopped Jacobs and asked for identification. In the ensuing conversation, Jacobs revealed that his three passengers were illegal aliens, that he had picked them up near the Mexican border where they had been dropped off by an "unknown man," and that he had been instructed to drive them to the parking lot and await his "boss," Henry Cooke. Jacobs stated that he was to receive $40.00 per passenger for the trip. Based on these statements, Jacobs and the three aliens were taken into custody.
 
 
 5
 Jacobs was convicted of violating 8 U.S.C. § 1234(a)(1)(B). At the sentencing hearing, the trial judge determined that Jacobs' sentencing guidelines range, based on an offense level of 9 and a criminal history category of VI, was between 21 and 27 months. The court sentenced Jacobs to 24 months incarceration and two years supervised release.
 
 DISCUSSION
 
 6
 A. Reduction on the Basis of Role as Minor/Minimal Participant
 
 
 7
 U.S.S.G. § 3B1.2 instructs the sentencing judge:
 
 
 8
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 9
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 10
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 11
 In cases falling between (a) and (b), decrease by 3 levels. Before the district court, Jacobs argued that he was entitled to a reduction under this section, contending that he was only a small player in a larger alien smuggling operation. Jacobs argued that he did not help identify or solicit the aliens in Mexico, plan transportation routes in the United States, or otherwise assist in the coordination of the entire scheme. The trial court rejected this argument.
 
 
 12
 In United States v. Zweber, 913 F.2d 705 (9th Cir.1990), we held that defendants may receive reductions under U.S.S.G. § 3B1.2 "only for their roles in their offenses of conviction, but not their roles in the uncharged and unconvicted conspiracy." Id. at 708. At the same time, however, we also recognized that a defendant's "role in ... collateral conduct can ... shed light on her or his role in the conviction offense." Id at 709. Thus, Jacobs is correct that evidence of collateral conduct generally may be considered if it bears upon culpability in the offense of conviction.
 
 
 13
 The problem in this case, however, is that aside from Jacob's assertions to the district court, there simply is no evidence of such collateral conduct. Jacobs alone was found in the car with the illegal aliens; he alone was found criminally responsible for the conduct at issue here. He presented no evidence whatsoever to corroborate his assertions that others were involved in the transportation of the aliens. In short, based on the record before us, we simply cannot say that the district court erred in finding that Jacobs was not entitled to a reduction under U.S.S.G. § 3B1.2.
 
 B. Due Process Challenge
 
 14
 Jacob's second argument is that his sentence violates due process because the trial judge "failed to make an individualized assessment of Jacobs' culpability but rather mechanically counted a prior conviction three times, once in determining the offense level and twice in determining the criminal history category." As the trial judge merely followed the steps mandated by the Sentencing Guidelines in determining the appropriate sentencing range, Jacobs appears to be challenging the guidelines themselves. Such a challenge must be rejected.
 
 
 15
 We have already held that although the guidelines may restrict a sentencing court's discretion, they do not infringe upon a defendant's right to an individualized sentence because a given guidelines range is correlated to a particular defendant's particular crime. United States v. Brady, 895 F.2d 538, 540 (9th Cir.1990); see also United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990) (finding a due process challenge of this sort "precluded by recent case law"). In the alternative, Jacobs can challenge the guidelines as applied to him. Id. at 543. However, the record demonstrates that Jacobs, through his counsel, had ample opportunity to review the government's Presentencing Report and Recommendations and to make all of his arguments regarding sentence adjustment before the sentencing court. The court calculated his range on the basis of the seriousness of his crime and his past criminal convictions, and gave him a sentence in the middle of the applicable range. Because Jacobs had notice and an opportunity to be heard, due process is satisfied.
 
 
 16
 The sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3