977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Anthony CANONICO, Defendant-Appellant.
 No. 91-30331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.
Decided Oct. 2, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review an appeal of the conviction and sentence of Louis Canonico, who was convicted in a jury trial for conspiracy and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 (1988).
 
 
 3
 * Canonico argues that the district court erred when it denied his motion to sever under Fed.R.Crim.P. 14. We review for an abuse of discretion, United States v. Patterson, 819 F.2d 1495, 1501 (9th Cir.1987), and conclude there was no error.
 
 
 4
 "The test for abuse of discretion by the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." Id. (quotation omitted). "Generally speaking, defendants jointly charged are to be jointly tried. This is also the rule in conspiracy cases." United States v. Hernandez, 952 F.2d 1110, 1114 (9th Cir.1991) (quotation omitted). However, "[j]oinder of multiple defendants is proper only if all of the offenses charged in the indictment arose out of the same series of transactions." Patterson, 819 F.2d at 1501 (quotation omitted). In the instant case, both White and Canonico were charged in the same indictment and for the same conspiracy. Canonico has not shown a "violation of one of his substantive rights by reason of the joint trial." Hernandez, 952 F.2d at 1115 (quotation omitted).
 
 
 5
 In denying a motion for severance, the district court must make sure that "the jury can reasonably be expected to compartmentalize the evidence as it relates to the separate defendants." United States v. Douglass, 780 F.2d 1472, 1479 (9th Cir1986). This was not a problem in the instant case, for Canonico concedes that most of the evidence presented was applicable either White or Canonico, but not to both. Therefore, we conclude that Canonico was not prejudiced by the joinder of his codefendant White. "The fact that the trial court's decision perhaps reduced [Canonico's] chance for acquittal ... does not demonstrate a need for severance." Hernandez, 952 F.2d at 1116 (quotation omitted) (ellipsis in original).
 
 II
 
 6
 Secondly, Canonico complains the district court erred in allowing Officer Barthel's expert testimony. We review the district court's decision to admit the testimony to see if it was "manifestly erroneous." Patterson, 819 F.2d at 1507.
 
 
 7
 "In a series of cases, we have upheld admission of a law enforcement officer's expert testimony that the defendant's activities indicated that he acted in accordance with usual criminal modus operandi." United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988). The purpose of this kind of testimony is to "alert the jury to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). Moreover, "[l]aw enforcement officers may testify concerning the techniques and methods used by criminals." United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir.1985). "Expert testimony on the structure of criminal enterprises is allowed to help the jury understand the scheme and assess a defendant's involvement in it." Patterson, 819 F.2d at 1507.
 
 
 8
 In the instant case, Officer Barthel had worked four years as a detective in the narcotics bureau and made approximately 300 undercover arrests. Barthel testified, among other things, that "[t]he primary characteristics of a person who has put themselves in a position to be the head of an organization normally is someone who tries to lay off in the background to an extent." We hold this testimony would "assist the trier of fact to understand the evidence," Fed.R.Evid 702, because Canonico claimed that his activities were innocent. Under the circumstances, we conclude that the requirements for the admission of Barthel's testimony under United States v. Christophe, 833 F.2d 1296, 1299 (9th Cir.1987) were met.
 
 III
 
 9
 Canonico finally complains the district court erroneously denied him a minor or minimal participant status, under U.S.S.G. § 3B1.2. We review for clear error. Lui, 941 F.2d at 848.
 
 
 10
 There was evidence presented that Canonico was the source of the methamphetamine, and he was in charge of part of the operation. Also, Canonico stood to gain financially from the transaction. Therefore, there was no error in denying him the minor or minimal participant status.
 
 
 11
 Canonico also argues the district court erred in failing to make factual findings when it denied him minor or minimal participant status. We have held, however, that "a simple statement that the defendant was not a 'minor participant' will suffice as a factual finding." United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990) (quoting United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989)).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3