983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Leonel MEYER, Defendant-Appellant.
 No. 92-50136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 30, 1992.
 
 Before FERGUSON, CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Leonel Meyer appeals his nine-month sentence of imprisonment for knowingly transporting three illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(B). He contends that the district court should have decreased the offense level by two levels for acceptance of responsibility and two levels for minor participant status in the offense. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Hector Leonel Meyer picked up an illegal alien in San Ysidro, California, and agreed to transport her to Los Angeles for $13. When told that she needed a green card, Meyer drove to a 7-Eleven Store, where she obtained a counterfeit green card. As they approached the San Clemente Border Patrol checkpoint, Meyer instructed the alien to hide in the back of the van since the counterfeit green card had expired. They passed through the checkpoint without incident and proceeded to Santa Ana, where Meyer picked up two other illegal aliens. He then took the three illegal aliens to his Los Angeles apartment to spend the night. In the next two days undercover agents arrested Meyer, a co-defendant, and the three aliens.
 
 
 4
 Meyer was charged with a three-count indictment. He agreed to plead guilty to one of the counts, violation of 8 U.S.C. § 1324(a)(1)(B), for which he received a sentence of nine months. The presentence report recommended against any adjustment for acceptance of responsibility or role in the offense, and the district court denied both adjustments.
 
 
 5
 Meyer contends that the district court erroneously denied him a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). This is a factual determination which we review for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). While an entry of a guilty plea combined with truthfully admitting the conduct constitutes significant evidence of acceptance of responsibility, it does not provide a defendant with the reduction as a matter of right. See United States v. Rosales, 917 F.2d 1220, 1223 (9th Cir.1990). It may be outweighed by conduct which is inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 3).
 
 
 6
 Meyer argues that his acceptance of the written plea agreement, specifically the Factual Basis, constitutes acceptance of responsibility. The Factual Basis, however, is at variance with statements Meyer made to the probation officer in which he minimized his involvement in the criminal activity. Moreover, the INS case agent for Meyer's case provided an affidavit indicating that Meyer had been seen at the Greyhound bus station in Los Angeles, contrary to the terms of his release. Meyer has not provided evidence other than his acceptance of the plea agreement to show that he accepted responsibility. The district court's determination that Meyer did not accept responsibility is not clearly erroneous.
 
 
 7
 Meyer further contends that he was a minor participant in the offense and should have been given a two-level decrease in the offense level pursuant to U.S.S.G. § 3B1.2(b). This is also a factual determination which we review for clear error. United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). Minor participant status turns on culpability, United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989), and is closely dependent on the facts of the particular case. United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990).
 
 
 8
 While we agree with Meyer that he and his co-defendant were not equal partners, this does not require us to find that he was a minor participant in the offense. See United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991) (defendant who is less culpable than his co-defendant is not necessarily a minor participant). Meyer used his van and apartment to transport and house illegal aliens and received a fee for bringing aliens from San Ysidro to Los Angeles. There was evidence that Meyer had been conducting this activity for six years. Based on these facts, the district court's determination that Meyer was more than a minor participant is not clearly erroneous. The sentence is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3