985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus CALDERON, Defendant-Appellant.
 No. 92-50389.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Calderon appeals his sentence, imposed under the United States Sentencing Guidelines (Guidelines), following his guilty plea to conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Calderon claims the district court erred by refusing to grant him a downward adjustment pursuant to U.S.S.G. § 3B1.2(B) for being a minor participant in the offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error a district court's finding that a defendant is not a minor participant. United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir.1991); United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). The district court is not required to compare codefendants' roles in deciding whether one was a "minor participant." Rexford, 903 F.2d at 1282. A defendant's role in a criminal undertaking, while less significant than his codefendant's, may nonetheless be central to that undertaking. Id., 903 F.2d at 1283. A defendant has the burden of proving his minor role by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). The role adjustment is to be applied infrequently. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir.1990).
 
 
 4
 Here, in a series of taped telephone conversations, an undercover agent negotiated to buy cocaine from Rafael Penaloza, appellant's codefendant. On November 21, 1991, Penaloza sold the agent approximately 55 grams of 93% pure cocaine.
 
 
 5
 On December 6 1991, when the two met to discuss a larger transaction, Penaloza told the agent that he could supply him with six kilograms of cocaine within three hours. After the meeting, Penaloza went home, and then to a parking lot where he met with an unknown person. He then followed appellant, who was driving a Chevrolet Blazer, to appellant's apartment. From there, Penaloza called the agent and said he could sell him only one kilogram of cocaine that night. The agent declined, and they agreed to conduct the transaction the following week.
 
 
 6
 Five days later, appellant was observed arriving at Penaloza's house in a blue Chevrolet. Both he and Penaloza were then observed examining two bags in appellant's trunk. Penaloza then telephoned the undercover agent and said that he and a friend would meet him in Simi Valley with the six kilograms.
 
 
 7
 Appellant and Penaloza drove to the meeting together. When they arrived, Penaloza demanded to see the purchase money. The agent refused, and demanded to see the cocaine. Appellant opened the trunk and said to Penaloza, "just show him one at first." Penaloza indicated a bag that contained one kilogram of cocaine and allowed the agent to examine it. Following the defendants' arrest, agents found approximately five additional kilograms of cocaine in the trunk.
 
 
 8
 As the evidence suggested that appellant was the supplier of the cocaine, we hold it was not clear error for the district court to conclude that his role was central to the criminal enterprise. Thus, the district court did not clearly err by finding that he was not a minor participant. See Rexford, 903 F.2d at 1283.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3