33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar MARROQUIN, aka: Edgar (LNU), Defendants-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
ROBERTO PEREZ, Defendants-Appellant.
 Nos. 93-50692, 94-50104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Aug. 15, 1994.
 
 1
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Because the parties are familiar with the facts, we do not recite them here.
 
 
 4
 A. Relevant Conduct to Increase Perez's Sentence
 
 
 5
 The district court found that 904 sets of counterfeit documents seized at the Westlake apartment were attributable to Perez for sentencing purposes. It reasoned that, pursuant to U.S.S.G. Sec. 1B1.3(a)(1)(B), possession of these documents was relevant conduct for determining Perez's offense level. Thus, under U.S.S.G. Sec. 2L2.1(b)(2)(C), Perez's offense level was increased by six levels because the offense involved over 100 sets of documents.
 
 
 6
 Perez challenges the possession of the documents as relevant conduct under Sec. 1B1.3(a)(1)(B) claiming that he could not have reasonly foreseen their possession. However, Perez was discovered and arrested at the Westlake apartment. It was during the search of this apartment that 904 sets of documents were seized. Because Perez was in the apartment where the documents were seized, we hold that the district court did not clearly err in concluding Perez reasonably foresaw the possession of the counterfeit documents.
 
 B. Mitigating Roles of Perez and Marroquin
 
 7
 We hold that the district court did not clearly err by denying either defendant an offense level reduction for a mitigating role in the conspiracy.
 
 1. Perez
 
 8
 The district court found that Perez was a runner and possibly a document maker. Perez argues that because he had no managerial or supervisorial duties his role was minimal or, in the alternative, minor.
 
 
 9
 Perez's contention that his role in the offense was only minimal is clearly without merit. In United States v. Zweber, 913 F.2d 705 (9th Cir.1990), we held that the defendant's "prior involvement in at least one other drug sale indicates that his involvement ... was not the kind that qualifies as a minimal role." Id. at 710; see also, U.S.S.G. Sec. 3B1.2, comment. (n. 2) (serving as courier for single transaction an example of "minimal" role). Similarly, Perez's involvement in the sale of counterfeit documents, even if only as a runner, did not qualify as minimal participation. Perez admitted he was a runner on at least three other occasions. Thus, because his participation encompassed more than a single transaction, he was more than a minimal participant.
 
 
 10
 Perez also relies on his status as a mere runner to support his assertion that his role was only minor. Assuming Perez were only a runner, this status alone is insufficient to justify a reduction for minor participation. Zweber, 913 F.2d at 710 ("[C]ourier status alone does not require a role reduction."). Furthermore, even if Perez's status as a runner were sufficient to justify a reduction, there is evidence to support the conclusion he was more than a mere runner. See id. (finding defendant appeared to be more than a courier because "he was trusted with responsibility in the deal"). Perez was obviously a trusted member of the conspiracy. He was aware that the document production equipment and a large quantity of the counterfeit documents were stored at the Westlake apartment, and he was allowed to be present in that apartment. Also, Perez's fingerprints were found on documents stored at the Rampart apartment, suggesting not only that Perez knew of the other storage location but that he was also involved in producing the documents. Based on this evidence, the district court did not clearly err in denying an offense level reduction for either minor or minimal role participation.
 
 2. Marroquin
 
 11
 The district court found that Marroquin's role was as a direct salesman and as a runner on occasion. Marroquin, comparing his participation to others in the conspiracy, claims he was only a minor participant.
 
 
 12
 In United States v. Rexford, 903 F.2d 1280 (9th Cir.1990), we upheld the denial of a reduction for minor participation where the defendant's role was central to, although not the most significant in, the conspiracy. Id. at 1283. Like the defendant in Rexford, Marroquin's role in the offense was central; the conspiracy to sell counterfeit documents could not have succeeded without Marroquin's solicitation and negotiation of sales on the street corner. Furthermore, Marroquin was a trusted member of the conspiracy. See Zweber, 913 F.2d at 710 (denying reduction for minor participation where defendant trusted member of conspiracy). He was allowed to handle the money received from sales of counterfeit documents, and although he claims he was not allowed in the room of the Westlake apartment where documents were produced, he does not deny that he knew documents were stored and produced there. Based on this evidence, the district court did not clearly err in concluding Marroquin was not entitled to an offense reduction for minor participation.
 
 
 13
 C. Perez's Sentence at the Upper End of the Guideline Range
 
 
 14
 The district court sentenced Perez to eighteen months imprisonment. In United States v. Pelayo-Bautista, 907 F.2d 99 (9th Cir.1990), we held that "[a]ppellate review of a sentence that is within the correctly applied guideline range and was not imposed in violation of the law is not expressly authorized by [18 U.S.C. Sec.] 3742(a)." Id. at 101. Perez's sentence of eighteen months was within the guideline range, and he does not contend that the sentence is unlawful. Consequently, we are without jurisdiction to review this claim.
 
 
 15
 AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3