67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marie Quidachay FEGURGUR, Defendant-Appellant.
 No. 95-10132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 21, 1995.
 
 1
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Marie Quidachay Fegurgur appeals the 12-month sentence imposed after she pled guilty to unauthorized use of an access device (a stolen Visa card) in violation of 18 U.S.C. Sec. 1029(a)(2). Fegurgur contends that the district court erred by increasing her base offense level by two levels because her conduct involved more than minimal planning (U.S.S.G. Sec. 2F1.1(b)(2)), and by failing to grant a two-level reduction for her minor role in the offense (U.S.S.G. Sec. 3B1.2(b)). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 4
 The district court's interpretation and application of the Sentencing Guidelines is reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). However, the court's factual findings underlying its sentencing decisions are reviewed for clear error. Id. Thus, the district court's determination that Fegurgur's offense involved more than minimal planning is "heavily dependent upon the facts of the case and a clearly erroneous standard of review is applied." United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.1994). Similarly, the clear error standard applies to the court's conclusion that Fegurgur was not a minor participant in the offense. United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990).
 
 II.
 
 5
 The Guidelines provide that "[i]f the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim, increase [the offense level] by 2 levels." U.S.S.G. Sec. 2F1.1(b)(2). In the Guidelines' definition section, it states: " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. Sec. 1B.1, comment. (n. 1(f)). We must follow the definitions set out in the application notes unless they are inconsistent with the text of the Guidelines. United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992).
 
 
 6
 The district court concluded Fegurgur's conduct involved more than minimal planning because she used the stolen Visa card to make three to four ATM withdrawals over a period of three days. Fegurgur concedes that the plain language of the "more than minimal planning" definition technically covers her actions, but she argues that the court erred by applying the Guidelines' plain language. We cannot agree that the district court clearly erred by following the unambiguous language of the Sentencing Guidelines.
 
 
 7
 Obviously, repeated acts necessarily occur in succession, so even acts repeated immediately occur "over a period of time." However, the district court found, and we agree, that the three-day span involved here was a sufficiently long period to invoke the "more than minimal planning" adjustment. The evidence showed that for each of the three to four illegal withdrawals Fegurgur made, she travelled to a preselected ATM, inserted the stolen card, entered the owner's personal identification number, checked the available balance and withdrew cash. Each of these instances required planning beforehand and there is no evidence to suggest that each was purely opportune. The district court did not clearly err in imposing a two-point upward adjustment for more than minimal planning.
 
 III.
 
 8
 Fegurgur also argues that the district court erred when it refused to grant a two-point reduction for her minor role in the offense pursuant to U.S.S.G. Sec. 3B1.2. Fegurgur has the burden of proving by a preponderance of the evidence that she is entitled to a downward adjustment for her role in the offense. United States v. Davis, 15 F.3d 902, 914 (9th Cir.1994). A downward adjustment under Sec. 3B1.2 should be granted "infrequently and only in exceptional circumstances." United States v. Taren-Palma, 997 F.2d 525, 535 (9th Cir.1993). Fegurgur is not entitled to a minor participant adjustment merely because she was less culpable than her co-defendant, Meno. United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990).
 
 
 9
 The record indicates that the district court carefully considered Fegurgur's role in the offense and concluded it was more than minor:
 
 
 10
 In looking at the statements of both defendants, the defendant here, Miss Fegurgur, admitted that the other defendant, Meno, told her that the credit card was stolen; they lived in the same household, they shared everything. Therefore, her role is equally culpable as Meno's.
 
 
 11
 (ER 076). This conclusion is not clearly erroneous; the district court properly denied Fegurgur a two-level reduction for minor participation in the offense. See United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3