**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Macedonio CARRILLO–SANCHEZ,
Defendant—Appellant.**

No. 02–10322.

D.C. No. CR–02–00152–JCB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD, and
FISHER, Circuit Judges.

MEMORANDUM**

Macedonio Carrillo–Sanchez appeals
from his sentence, imposed following his
guilty plea conviction for possession of co-
caine with intent to distribute, and impor-
tation of cocaine, in violation of 21 U.S.C.
§§ 952(a), 960(a)(1) and (b)(2)(B)(ii).

Carrillo–Sanchez contends that the dis-
trict court erred in not granting a down-
ward departure based on his minor role in
the scheme. A district court's discretion-
ary decision not to depart from the guide-
lines is not reviewable on appeal. *United
States v. Morales,* 972 F.2d 1007, 1011 (9th
Cir.1992), *cert. denied,* 507 U.S. 1012, 113
S.Ct. 1665, 123 L.Ed.2d 283 (1993). Here,
the record does not suggest that the dis-
trict judge thought that he was without
authority to depart; rather, it is clear that
he believed that it would not be appropri-
ate to do so under the circumstances.

To the extent that Carrillo–Sanchez con-
tends that the district court erred by not
granting him a minor role adjustment un-
der the Guidelines, we conclude that given
the circumstances, the district court's deni-
al of such an adjustment was not clearly
erroneous. *See United States v. Pena–
Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.),
(reviewing for clear error a district court's
determination that a defendant does not
qualify for a minor role adjustment), *cert.
denied,* 531 U.S. 1057, 121 S.Ct. 670, 148
L.Ed.2d 570 (2000); *United States v. Her-
nandez–Franco,* 189 F.3d 1151, 1160 (9th
Cir.1999) (affirming denial of minor role
adjustment for defendant who appeared to
be merely the driver in the smuggling
operation); *see also United States v. Rex-
ford,* 903 F.2d 1280, 1282 (9th Cir.1990)
(stating that "a district court is not com-
pelled to determine whether a defendant
was or was not the least culpable partici-
pant in determining whether that defen-
dant's role was 'minor' ").

**AFFIRMED.**

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.