UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald M. POTTS, Steven H. Larsen, Olen R. Collum, Tyrone R. Swader, and Michael J. Houlahan, Defendants-Appellants.

**Nos. 85–1294 to 85–1298 and 85–1334.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 12, 1986.

Decided March 24, 1987.

Bernard L. Segal, Richard B. Mazer, Julie Traun, James Larsen, Laurence J. Lichter, Gilbert Eisenberg, and Randolph Daar, San Francisco, Cal., for defendants-appellants.

Jeffrey W. Lawrence and Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.

Before TANG, SCHROEDER and NORRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

Federal agents arrested all five appellants aboard a fishing vessel in San Francisco Bay. The vessel was returning from international waters where its crew members, the appellants, had loaded it with approximately 45,000 pounds of marijuana. Each appellant pled guilty to importation of marijuana. The district court sentenced the appellants pursuant to a plea agreement in which the government agreed to recommend a period of incarceration of not more than eight years for appellant Swader and not more than ten years for the other four men. In this appeal appellants ask that their sentences be vacated and their cases remanded for resentencing before a new judge.

At the time of sentencing, the district court commented extensively upon the circumstances of the plea, particularly the seriousness of the crime, the key role that the defendants played in it, and their apparent unwillingness to learn the identities of those higher up in the importation operation.[1] The district judge indicated that he

---

1. In imposing sentence on four of the defendants, the court stated in relevant part:

I have read all the material which has been submitted to me and, of course, heard and considered the points of counsel. I do appreciate the very thorough work done by the probation department and also the very competent work done by defense counsel and the very innovative and hard working work through the course of this case, including the sentencing. I also appreciate the interest on behalf of the defendants.

In setting a sentence in this case it seems to me, however, that the overwhelming factor is the size of the transaction, and that is the sheer enormity of this criminal activity. It involved 45,000 pounds of marijuana with various values estimated between 50- and 200 million dollars.

But the sum of money isn't so significant. I think the size of the transaction speaks for itself. Therefore, an effort like that took coordination and planning and execution. It took excellent seamanship. It took a lot of advance cash which the defendants were given by someone. It took a source of supply, at present unknown, and took a method of distribution, also at present unknown.

The size of that operation is such that it really can't be deemed just a violation of law, but really seems to me to be an affront to the whole process of law. I think this is different from an ordinary violation of law as an invasion is different from a trespass.

The defendants have, by and large, remained silent about what they may or may not know regarding who the suppliers were that financed the operation and who and how the product was to be distributed. They all argue that they were at the lowest level of the participation in the event, to wit, workers.

However, the process of justice commonly deals with those that are caught and brought before us. We can't excuse those who are caught on the grounds that somebody else who was unknown may be even more culpable.

It's also true that these defendants were vital to the operation which occurred and could not have occurred without them. So although perhaps workers they themselves were vital links in the transaction.

All of that may well suggest maximum sentences. However, I respect the government's recommendation and the arrangements which have been discussed between the plaintiffs and defendants. I appreciate the recommendations that are based upon the size and complexity of the case and also the fact there have been guilty pleas rather than trial and the fact there was no physical violence involved in the case.

As far as some of the defendants are concerned, there was either a deliberate insulating of themselves from knowledge of other aspects of the transaction. In spite of that insulation, either self-imposed or imposed by others, they proceed ahead to participate in a large offense, and then when caught claim that they are only at the lowest level and merely workers.

I don't think the defendants should be able to participate in so large a transaction, which

felt a maximum sentence would be in order for all the defendants, but respected the plea bargain in light of the complexity of the case. He sentenced in accordance with it.

In asking us to vacate the sentences, appellants rely upon our recent decision in *United States v. Barker*, 771 F.2d 1362, 1369 (9th Cir.1985), where we invoked a narrow exception to the general rule that sentences within statutory limits are unreviewable. *See, e.g., United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Lopez-Gonzales*, 688 F.2d 1275, 1276 (9th Cir. 1982). In *Barker* we applied the principle that appellate courts may review sentencing to ensure that there has been an exercise of discretion rather than imposition of sentence on a mechanical basis. 771 F.2d at 1365–67 (discussing *Lopez-Gonzales; United States v. Wardlaw*, 576 F.2d 932, 938 (1st Cir.1978)). We framed the question as "do the four corners of the record indicate that the district court actually and adequately considered the factors necessary to insure that each individual defendant was assessed and sentenced *as* an individual?" 771 F.2d at 1365–66. We then vacated the sentences in *Barker* because it appeared from the record that the sentencing court had considered only the seriousness of the crime and failed to consider individual circumstances relating to the nature of the offenders. 771 F.2d at 1369.

We have carefully reviewed the record in this case in the light of our opinion in *Barker*. There are only two similarities between the two cases. First, both cases involve importation by multiple defendants of a large amount of marijuana—in this case, actual possession of 45,000 pounds; in *Barker*, involvement in a ring which had imported approximately 44,000 pounds over a five-year period. Second, both district court judges commented upon the unusually serious nature of the crimes. There the similarities end. When we look to the un-

derlying considerations which prompted us to hold in *Barker* that there had been a failure to exercise sentencing discretion, we find that every one of them is absent in this case.

The district court in *Barker* had imposed a maximum sentence without discussion of any factors relating to the individuals, thus suggesting a predetermined policy to sentence drug offenders to the maximum statutory term. 771 F.2d at 1364–65. In this case, the district court did not sentence the defendants to a maximum term. It did sentence pursuant to a plea agreement which took into account the complexities of the case.

In *Barker*, there were mitigating circumstances for some of the defendants, such as remorse and rehabilitation. 771 F.2d at 1366. In this case, there were no similar mitigating circumstances. In *Barker*, there were varying degrees of culpability among the defendants but identical sentences imposed. *Id.* at 1367. In this case, the five defendants did not receive the same sentences. The extensive presentence report, which has been made a part of this record on appeal, explains that the four defendants who received similar sentences deserved them.

In short, there is no basis for holding here that the district court abused or refused to exercise discretion. Imposition of similar sentences coupled with comments about the severity of the offense at the time of sentencing does not amount to an abdication of responsibility or an abuse of discretion on the part of the district court. *Barker* did not so hold.

Appellants' remaining arguments, related to their efforts to cooperate, are without merit. The sentence was within the range recommended by the government and to which the appellants had agreed. Their counsel had ample opportunity to comment

---

in essence voluntarily blindfolds themselves and say they don't know anything more about it. They have to be treated as they have pleaded, and that is guilty to the offense charged.

The gist of these remarks was repeated at the subsequent sentencing of the remaining defendant, Potts.

on any relevant factors, including cooperation, at the time of sentencing.

AFFIRMED.