UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose PELAYO–BAUTISTA,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Leobardo CARDENAS–PAYAN,
Defendant–Appellant.

Nos. 89–50662, 89–50663.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1990.

Decided June 29, 1990.

---

Knut S. Johnson, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant Pelayo–Bautista.

John G. Cotsirilos, San Diego, Cal., for defendant-appellant Cardenas–Payan.

Bruce R. Castetter, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ALARCON, BRUNETTI and O'SCANNLAIN, Circuit Judges.

ALARCON, Circuit Judge:

Jose Pelayo–Bautista (Pelayo) and Leobardo Cardenas–Payan (Cardenas) appeal from sentences of 24 months' imprisonment imposed under the Sentencing Reform Act of 1984, as amended, 18 U.S.C. §§ 3551–3586 (1988), after they entered pleas of guilty to possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, Pelayo and Cardenas argue that the district court abused its discretion in rejecting the government's sentencing recommendation of 21 months. We must decide whether this court has jurisdiction to review a sentence that is within the applicable range under the Sentencing Guidelines.

## PERTINENT FACTS

Prior to their arrest, Pelayo and Cardenas were involved in a drug-smuggling operation. Agents at a border patrol checkpoint seized 110 pounds of marijuana from Pelayo's vehicle, and 124 pounds of marijuana from Cardenas' vehicle. The indictment charged each defendant with one count of conspiring to possess marijuana with intent to distribute and one count of possession of marijuana with intent to distribute. Defendants filed motions to suppress the marijuana, but withdrew them and entered pleas of guilty to the possession counts.

Pursuant to the plea agreement, the government recommended sentences of 21 months, the lowest sentences permissible under the applicable sentencing guideline range of 21 to 27 months. The court sentenced both defendants to 24 months.

## DISCUSSION

The government argues that we lack jurisdiction to hear this appeal. "It is fundamental that federal courts are courts of limited jurisdiction. Our jurisdiction is 'limited to those subjects encompassed within [a] statutory grant of jurisdiction.' Our task is therefore to examine the relevant statutes to determine if Congress has provided for appellate jurisdiction." *United States v. Morales*, 898 F.2d 99, 101 (9th Cir.1990) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982)) (citations omitted) (alteration to conform with original).

Prior to the enactment of the Sentencing Reform Act, sentences imposed within statutory limits were generally not subject to appellate review. *See United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *see also United States v. Potts*, 813 F.2d 231, 233 (9th Cir.1987) (noting the "general rule that sentences within statutory limits are unreviewable"). In the Sentencing Reform Act, Congress authorized appellate review of a

sentence on an appeal by a criminal defendant on the following grounds:

### § 3742. Review of a sentence

(a) **Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range ...; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (1988). Congress designed section 3742 to "establish[ ] a limited practice of appellate review of sentences in the Federal criminal justice system" that would "preserve the concept that the discretion of a sentencing judge has a proper place in sentencing and should not be displaced by the discretion of an appellate court." S.Rep. No. 225, 98th Cong., 2d Sess. 149–50 (1983), *reprinted in* 1984 U.S. Code Cong. & Admin.News 3182, 3332–33.

In *United States v. Morales*, 898 F.2d 99 (9th Cir.1990), we held that a defendant may not appeal from the refusal of a district court to depart below the applicable guideline range. *Id.* at 102. We reasoned that "a close examination of the statutory scheme makes it clear that Congress intended that appellate review be 'confine[d]' to the situations expressly listed in [section 3742(a) ]." *Id.* In *United States v. Vizcarra–Angulo*, 904 F.2d 22 (9th Cir. 1990), we stated that " 'the language of [18 U.S.C. § 3742] subsection (a) restricting a defendant's appeal to a sentence greater than the guideline recommendation would be made superfluous' " if we held that an appeal based on the insufficiency of a downward departure could be maintained.

*Id.*, at 24–25 (quoting *United States v. Wright*, 895 F.2d 718, 722 (11th Cir.1990) (per curiam)).

█ Appellate review of a sentence that is within the correctly applied guideline range and was not imposed in violation of law is not expressly authorized by section 3742(a). Accordingly, we have no jurisdiction over this appeal.[1] In reaching this conclusion, we have been persuaded by the interpretation given to section 3742 by the Second, Seventh, and Eleventh Circuits. *See United States v. Colon*, 884 F.2d 1550, 1554 (2d Cir.) ("Congress did not intend to provide appellate review of sentences that are within the Guidelines correctly applied and are not illegal under Subsections (a)(1) or (b)(1)."), *cert. denied*, — U.S. —, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *United States v. Guerrero*, 894 F.2d 261, 267 (7th Cir.1990) ("There is no statement in the legislative history suggesting that sentences within the Guidelines should be reviewed because of a claim that a particular sentence is draconian or too lenient."); *United States v. Wright*, 895 F.2d 718, 720 (11th Cir.1990) (per curiam) ("Sentences falling within the guideline range may not be complained of on appeal, even if arguably unreasonable under the facts of a given case, unless the sentence was imposed in violation of law, was based on a misapplication of the guidelines, or was plainly unreasonable and imposed for an offense for which there was no applicable guideline.").

Our view is also consistent with the intent of Congress as expressed in the legislative history of section 3742:

Appellate courts have long followed the principle that sentences imposed by district courts within legal limits should not be disturbed.... [The Sentencing Reform Act is] intended to afford enough guidance and control of the exercise of [trial courts'] discretion to promote fairness and rationality, and to reduce unwarranted disparity, in sentencing. Sec-

---

**1.** No claim has been made that the district court failed to exercise its discretion. Therefore, we do not decide whether a district court's failure to exercise its discretion in imposing a sentence within the guideline range might constitute a violation of law or a misapplication of the Sentencing Guidelines under § 3742(a). *See United States v. Barker*, 771 F.2d 1362, 1364 (9th Cir. 1985) (noting that, prior to the Sentencing Reform Act, appellate review of a sentence was proper when the sentencing court refused to exercise its discretion).

tion 3742 accommodates all of these considerations by making appellate review of sentences available equally to the defendant and the government, and by confining it to cases in which the sentences are illegal, are imposed as the result of an incorrect application of the sentencing guidelines, or are outside the range specified in the guidelines and unreasonable. S.Rep. No. 225, 98th Cong., 2d Sess. 150 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3333 (footnote omitted).

Pelayo and Cardenas concede that the district court correctly applied a guideline range of 21 to 27 months. They do not contend that section 3742(a) expressly authorizes an appeal from a sentence that is within a sentencing guideline range. At oral argument their appellate advocate suggested for the first time that section 3742 implicitly authorizes a defendant to file an appeal from a sentence within the applicable guideline range because it does not expressly prohibit the filing of a notice of appeal under circumstances not specified in subsection (a). Defense counsel contended that, because 18 U.S.C. § 3742(c) specifies that "a defendant may *not* file a notice of appeal" under certain circumstances when a plea agreement is contingent upon a specific sentence, 18 U.S.C. § 3742(c) (1988) (emphasis added), we must conclude that Congress did not intend that the right to appeal under section 3742(a) would be limited to the express situations set forth in the statute. No case authority was cited for this novel legislative construction. We must reject it because it is contrary to the law of this circuit as explained in *Morales* and *Vizcarra-Angulo,* and is in conflict with congressional intent, as reflected in the legislative history, that we should not disturb sentences within legal limits. It is thus also inconsistent with the constitutional principle that we can only exercise our judicial power when authorized by Congress.

Pelayo and Cardenas also assert that their sentences were imposed in viola-

tion of law and are expressly appealable under 18 U.S.C. § 3742(a)(1) because they were not advised before sentencing that the government's sentencing recommendation was not binding. We disagree. A district court must consider the government's sentencing recommendation; it is not required to follow it. *United States v. Johnson,* 826 F.2d 913, 914 (9th Cir.1987). The district court's failure to follow the government's sentencing recommendation that Pelayo and Cardenas be imprisoned for only 21 months does not constitute a violation of law.

Pelayo and Cardenas also claim that this court has jurisdiction because the district court advised them that they had a right to appeal their sentences. The district court has no power to confer jurisdiction on this court. Only Congress has that authority. U.S. Const. art. III, § 1. An appeal on the ground that a defendant's sentence within a guideline range should have been more lenient is not authorized by section 3742(a). We have no jurisdiction to hear this appeal.

DISMISSED.