959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando HERNANDEZ-CRUZ, Defendant-Appellant.
 No. 91-50487.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided April 13, 1992.
 
 Before GOODWIN, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On January 31, 1991, Fernando Hernandez-Cruz pleaded guilty to a superseding indictment charging him with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(b)(1). He was sentenced on April 29, 1991 to a term of twenty-one months, at the high end of the applicable Guidelines range.
 
 
 3
 * Hernandez-Cruz argues that the district court failed to determine the factual basis for his guilty plea as required under Fed.R.Crim.P. 11(f). Specifically, Hernandez-Cruz contends that the district court failed to determine his current immigration status or legal right to be in the United States. See 8 U.S.C. § 1326(a)(2).
 
 
 4
 The district court established on the record that Hernandez-Cruz had reentered the United States a few days after being deported on August 23, 1990 and had remained in the United States until he was discovered on November 12, 1990. It is theoretically possible that in the few days between his deportation and reentry Hernandez-Cruz had obtained U.S. citizenship or had obtained the consent of the Attorney General to reenter the United States. However, Hernandez-Cruz has offered no evidence to show that this was the case and, given the speculative nature of this argument, we conclude that any failure of the district court to determine his immigration status was harmless error. See Rule 11(h).
 
 II
 
 5
 Hernandez-Cruz also contends that the district court improperly considered his national origin in imposing a sentence of twenty-one months, the maximum sentence within the applicable Guidelines range. In particular, he points to the following statement made by the district court at the sentencing hearing:
 
 
 6
 It seems to me that when a person who is here either illegally or as a resident alien is a guest in this country and violates the laws of this country, it offends me more, it seems to me, than it does one who is born and raised here. Now, the difference between one who has been naturalized and one who is not, that doesn't offend me. These guys come in and steal and go back to their country, that offends me.
 
 
 7
 ER at 20.
 
 
 8
 A sentence imposed within the Guidelines range is not appealable unless it was imposed in violation of law, was based on a misapplication of the Guidelines, or was plainly unreasonable and imposed for an offense for which there was no applicable Guideline. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990). Hernandez-Cruz argues that his sentence was imposed in violation of law and was a misapplication of the Guidelines because consideration of national origin is barred both by statute and by the Guidelines. See 28 U.S.C. § 994(d); U.S.S.G. § 5H1.10.
 
 
 9
 We need not decide whether Hernandez-Cruz's argument fails within the Pelayo-Bautista exceptions because the record demonstrates that the district court did not improperly consider national origin in deciding to sentence Hernandez-Cruz at the top of the Guidelines range. In imposing the maximum sentence, the court solely relied on the fact that Hernandez-Cruz had the highest criminal history score for his criminal history category.
 
 
 10
 Hernandez-Cruz is correct in noting that the district court referred to his national origin several times in the course of the sentencing proceedings. However, the judge made these remarks in the context of proffering a possible explanation for the Sentencing Commission's decision to require a higher base offense level for aliens who commit certain crimes. Hernandez-Cruz does not challenge the Sentencing Commission's decision to mandate a higher base offense level. Nor does he argue that the district court improperly calculated the base offense level. Rather, he argues that the district court's remarks at the earlier stage of the sentencing proceedings somehow taint its decision to impose a sentence at the high end of the Guidelines range. Regardless of what one may think of the district court's remarks about the legitimacy of imposing more severe penalties on aliens than on citizens, we are not persuaded that these remarks influenced the sentence in this case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3