963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James DANNALS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David BELAND, Defendant-Appellant.
 Nos. 89-50601, 89-50602.
 United States Court of Appeals, Ninth Circuit.
 Submitted on Briefs May 6, 1992* in No. 89-50601.
Argued and Submitted May 6, 1992 in No. 89-50602.
Decided May 19, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These two appeals arise out of the convictions of James Dannals and David Beland who participated together in the same methamphetamine manufacturing organization. Counsel in Dannals' appeal has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Beland challenges his sentence.
 
 
 3
 We have reviewed the record in Dannals' case. Counsel for Dannals has also reviewed the record and has found no arguable issues requiring reversal. A copy of the Anders brief was served on Dannals. He has been notified that he could file a supplemental brief identifying issues warranting review, and he has not done so. During his presentence investigation, Dannals admitted that he was guilty of the charged conduct, but asserted that the government acted unconstitutionally in gathering evidence against him. The government gathered evidence against Dannals, Beland, and other methamphetamine manufacturers by participating in the operation of the Triple Neck Scientific Supply Company. This court has already rejected one methamphetamine dealer's claim that the government's covert use of the Triple Neck Scientific Supply Company amounted to outrageous government conduct. United States v. Allen, 955 F.2d 630 (9th Cir.1992). Dannals' suggestion that the government's undercover activity was impermissible would, if raised, be foreclosed by Allen. Dannals' conviction is therefore affirmed, and his attorney's motion to withdraw is granted.
 
 
 4
 In the Beland appeal, Beland first argues that the district court improperly enhanced his sentence for possession of firearms located at his residence. The district court imposed a two point enhancement pursuant to Sentencing Guideline section 2D1.1(b)(1) which provides: "If a dangerous weapon (including a firearm) was possessed during the commission of the offense, increase by two levels." Beland claims that the firearms located at his residence were not used in furtherance of the drug conspiracy. The district court's finding that Beland possessed a firearm during the commission of the conspiracy is reviewed for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 5
 The conspiracy alleged by the government extended to Beland's residence. This was evidenced by methamphetamine found in his house, as well as equipment used for the manufacture of methamphetamine stored in the bedroom closet. Also, chemical receipts, scales, packaging materials, and a narcotics ledger were found at his residence. Beland pleaded guilty to conspiracy to possess, distribute, and manufacture methamphetamine. For the enhancement to apply, the firearms did not need to be located at the site of the overt act; they needed only to be connected to the methamphetamine conspiracy. See United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991) (enhancement proper where firearm was stored in the defendant's home 15 miles from the site of the overt act of methamphetamine distribution). The firearms recovered in this case were scattered throughout Beland's residence along with methamphetamine and methamphetamine paraphernalia. The district court did not clearly err in concluding that these weapons "were possessed in the course of trafficking in narcotics."
 
 
 6
 Beland also challenges the district court's explanation of its reasons for imposing the 176-month sentence. In support of this argument, Beland relies on United States v. Upshaw, 918 F.2d 789 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). Upshaw, however, involved a sentencing court's complete failure to state reasons for selecting a particular sentence within the proper Guideline range. In this case, the district court properly considered and explained factors relating to Beland's background, character, and conduct in selecting an appropriate sentence within the Guideline range. See U.S.S.G. § 1B1.4. This court has no jurisdiction to review "a sentence that is within the correctly applied Guideline range and was not imposed in violation of law." United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990); compare 18 U.S.C. § 3742(a) (stating bases on which defendant may appeal sentence) with id. § 3553(c) (requiring statement of reasons for imposition of particular sentence within Guideline range exceeding 24 months).
 
 
 7
 Judgments in both appeals are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3