979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VARGAS-MARISCAL, Defendant-Appellant.
 No. 90-50548.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Nov. 19, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Vargas-Mariscal appeals his sentence and conviction for conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988); aiding and abetting possession of a controlled substance with intent to distribute, in violation of 18 U.S.C. 2 and 21 U.S.C. 841(a)(1); and aiding and abetting and forcibly assaulting, resisting and impeding a federal officer, in violation of 18 U.S.C. §§ 2, 111, and 1114 (1988). Vargas-Mariscal was sentenced to a total of 210 months on all counts. We affirm the district court for the reasons delineated below.
 
 
 3
 * Vargas-Mariscal first argues the district court erred in admitting evidence of a prior bad act under Fed.R.Evid. 404(b). Questions of the admissibility of evidence which involve factual determinations, rather than questions of law, are reviewed for abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991).
 
 
 4
 On March 9, 1988, the Los Angeles Sheriff's Office obtained a warrant to search the home and vehicles of Sergio Vargas, the appellant's brother. Immediately prior to the search, investigators stopped the car Vargas-Mariscal was driving as it left the residence. He consented to the search, which revealed a 500 gram bottle of lactose, a substance frequently used by dealers to cut heroin. The subsequent search of Vargas-Mariscal's brother's residence turned up bindles of heroin, balloons, more lactose, and other items associated with drug trafficking. Appellant was not charged with any crime.
 
 
 5
 This evidence met the four-part test we established in United States v. Spillone, 879 F.2d 514, 518-519 (9th Cir.1989), cert. denied, 111 S.Ct. 210 (1990). There was sufficient evidence connecting the defendant with the crime; the other crime was not too remote, having occurred only six months prior to the crime for which Vargas-Mariscal was convicted; the prior act was similar to the offense charged, both involving possession and distribution of heroin; and finally, the prior act helped prove a material element of the crime, that Vargas-Mariscal "knowingly or intentionally" possessed heroin with intent to distribute. 21 U.S.C. § 841(a).
 
 
 6
 Appellant argues the prejudicial effect of this evidence outweighed its probative value and thus should have been excluded under Fed.R.Evid. 403. However, the district court twice informed the jury of the limited purpose for which the evidence was being offered, to prove intent and knowledge. Such instructions limit the prejudicial effect of the evidence. United States v. Rubio-Villareal, 927 F.2d 1495, 1503 (9th Cir.1991), amended, 967 F.2d 294 (9th Cir.1992) (en banc). The district court did not abuse its discretion in admitting the evidence of Vargas-Mariscal's prior acts.
 
 II
 
 7
 Vargas-Mariscal argues there was insufficient evidence to link him to the drug conspiracy. There is sufficient evidence to support a conviction, if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). " 'Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy.' " United States v. Lopez, 625 F.2d 889, 895 (9th Cir.1980) (quoting United States v. Dunn, 564 F.2d 348, 357 (9th Cir.1977)).
 
 
 8
 The defendant was present on two occasions when drug transactions, involving the transfer of almost five pounds of heroin, occurred. He drove the vehicle in which the drugs were transported, and in the first sale on February 25, 1998, was immediately handed the $32,000 the conspirators had received from the sale. In the second sale on September 1, 1988, the money from the sale was immediately placed in his vehicle and his fingerprint was found on the paper bag which contained the bag of heroin. Circumstantial evidence also connected Vargas-Mariscal to the larger conspiracy. As previously mentioned, immediately after he left his brother's house on one occasion, police raided the home and discovered stashes of heroin, drug paraphernalia, and lactose, a heroin cutting agent. A search of the vehicle in which appellant was leaving turned up a 500 gram bottle of lactose.
 
 
 9
 Although Vargas-Mariscal may have been present at only two of the thirteen drug transactions monitored by the investigation, only a slight connection to the conspiracy is necessary. Lopez, 625 F.2d at 895. Based on the direct and circumstantial evidence presented at trial, viewed in the light most favorable to the government, the jury could have concluded that Vargas-Mariscal was at least slightly connected to the conspiracy.
 
 III
 
 10
 Appellant asserts he was entitled to a two-point reduction under the Sentencing Guidelines calculations as a "minor participant" in the drug transaction. U.S.S.G. § 3B1.2(b) (1989). "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). The district court's factual determination of whether a defendant is a minor participant is reviewed for clear error. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 11
 Vargas-Mariscal claims to be a "minor participant" because he was present at only two of the drug transactions, did not have a financial interest in the operation, and was merely a "driver in the transactions" (i.e., drug courier). "[C]ourier status alone does not require a role reduction. Culpability, not courier status, is the key." United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). Vargas-Mariscal was responsible for delivering five pounds of heroin to the two drug transactions he attended. Possession of a substantial amount of narcotics is grounds for refusing to grant a "minor participant" sentence reduction. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). Vargas-Mariscal may have had a financial interest in the transactions, as he was observed taking possession of the $32,000 the traffickers had just received for their sale of heroin.
 
 
 12
 Although appellant may have been the least culpable of the participants, the "district court is not compelled to find that a defendant who is the least culpable in a particular transaction is therefore a minor participant." United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991). It was not clear error for the district court to conclude Vargas-Mariscal had not met his burden of proving his "minor participant" status.
 
 IV
 
 13
 Vargas-Mariscal next contends the district court erred in imposing a two-point enhancement under the Sentencing Guidelines for false statements he made to the probation officer during a presentence interview. The Guidelines mandate a two-level upward adjustment "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 (1989). "[F]urnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court" may provide a basis for applying the upward adjustment for obstruction of justice. U.S.S.G. § 3C1.1, comment. (n. 1(e)). However, "[a] defendant's denial of guilt is not a basis for application of this provision." U.S.S.G. § 3C1.1, comment. (n. 3).
 
 
 14
 In his interview with the probation officer, Vargas-Mariscal denied any knowledge of or involvement with drugs. In addition, he told the probation officer a lengthy story which explained that his presence at some of the drug transactions was really an innocent attempt to sell his car. The district court determined this extended story was more than a simple denial of guilt and "impeded the probation officer in attempting to evaluate his particular participation in these particular offenses so he could give an intelligent answer and decision as to his participation." This determination was not clearly erroneous.
 
 V
 
 15
 Finally, appellant argues the district court erred in imposing the upper end of the Sentencing Guidelines range based on his assault on a federal officer while fleeing the scene of the drug bust on September 1, 1988. However, this court has no jurisdiction to review a sentence within the correctly applied guideline range which was not imposed in violation of law. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 
 16
 In compliance with 18 U.S.C. 3553(c) (1988), the district court stated sufficient reason for its imposition of the higher end of the range. While fleeing the drug bust scene, Vargas-Mariscal rammed an FBI vehicle and nearly struck an agent standing nearby. The government, in its Sentencing Memorandum, noted that applying the assault convictions under the Sentencing Guidelines did not increase the offense level above the level caused by the drug trafficking counts. The judge decided to accept the government's recommendations and sentence Vargas-Mariscal in the upper part of this range for his assault on the agent and the danger he created in his wild flight from the drug bust scene, which involved a high speed chase through intersections and against the flow of one-way traffic. The sentence imposed by the district court was not in violation of law. Therefore we have no jurisdiction to review that sentence.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3