999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Earl ENNIS, Defendant-Appellant.
 No. 92-30218.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1993.*
Decided July 20, 1993.
 
 Before: GOODWIN, FARRIS AND THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Earl Ennis pleaded guilty to conspiracy to manufacture and possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846, and use of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c). The district court sentenced Ennis to life imprisonment, followed by a consecutive term of five years imprisonment and five years supervised release. Ennis appeals his sentence.
 
 
 3
 Ennis contends that the district court erred by adjusting his offense level by four points upward based on United States Sentencing Commission, Guidelines Manual § 3B1.1(a). U.S.S.G. § 3B1.1(a) instructs the court to increase the defendant's offense level by four "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive...." We review the district court's factual determination that Ennis was an "organizer or leader" for clear error. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 
 4
 Ennis argues that there is insufficient evidence to find that he did any more than any of his coconspirators in the manufacturing process. He argues that because they manufactured methamphetamine independently of him, he was not their leader or organizer. There was evidence to support a finding that Anita Briggs, David Rabe, and Cliff Allred all worked for Ennis at various times during the conspiracy. The record also supports the finding that Kelly Kading and Jerry Broxson served as distributors for Ennis. The record shows that others were tangentially involved in Ennis' business. The record precludes a finding of clear error.
 
 
 5
 Where the amount of the drug seized does not reflect the scale of the offense, the court must approximate the potential quantity of the controlled substance by considering the capability of the laboratories involved. See U.S.S.G. § 2D1.1(c), Commentary Note 12. Ennis argues that the court erred in finding that he was responsible for 30-100 kilograms of methamphetamine. He argues that the court improperly considered a 103.02 kilogram drum of chemical waste products in determining the amount of methamphetamine for which he was responsible. The court's findings were not based on the drum. Trooper Jeffrey Dovci concluded that Ennis was capable of producing between 35.91 to 60.8 kilograms of methamphetamine based on the amount of methylamine--a component of methamphetamine--present at all of the labs. It was not error for the district court to consider the potential methamphetamine that could have been produced. United States v. Bertrand, 926 F.2d 838, 845 (9th Cir.1991).
 
 
 6
 Ennis argues that Dovci's estimates were inflated because he assumed that Ennis could make the maximum possible methamphetamine from the available chemical. Dovci estimated that Ennis' potential output fell within a broad range. The lower end of the range exceeded the amount necessary to place Ennis at offense level 38. The district court did not clearly err.
 
 
 7
 Ennis argues that under the totality of the circumstances, the district court erred in giving him the highest sentence within the applicable range, life imprisonment. The sentence is within the correctly applied guideline range and was not imposed in violation of law. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 
 8
 Affirmed.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3