15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Benito GALARZA-NOGES, Defendant-Appellant.
 No. 92-10287.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benito Galarza-Noges (Galarza-Noges) appeals the length of the sentence imposed by the district court following his judgment of conviction after pleading guilty to illegally entering the United States after being previously deported, a violation of 8 U.S.C. Sec. 1326. He also filed a four page declaration which appears to raise an ineffective assistance of counsel claim.
 
 
 3
 Galarza-Noges' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that there are no colorable claims which can be raised on appeal. In Anders, the Supreme Court outlined the procedural requirements to be followed by appointed counsel who concludes after a conscientious review of the record that the appeal is wholly frivolous. First, appellate counsel must submit a brief which refers to anything in the record which might arguably support the appeal. Id. at 744. Second, a copy of counsel's brief should be furnished to the appellant. Id. Third, the appellant must be allowed time to raise any issues on appeal that he or she chooses. Id. Finally, the reviewing court must make an independent examination of the record to determine whether the appeal is wholly frivolous. Id.
 
 
 4
 Our review of the record indicates that the procedural requirements of Anders have been met. Furthermore, we find that the record support's defense counsel's position. Therefore, we affirm Galarza-Noges' sentence and grant the motion of Victor Chavez to withdraw as counsel of record. We decline to appoint new counsel because there is no basis to believe Galarza-Noges will prevail on appeal. Finally, we decline to review Galarza-Noges' ineffectiveness claim because the record before this court is insufficient.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 5
 Galarza-Noges was deported on November 27, 1991, after pleading guilty to possession of heroin for sale in violation of California Health & Safety Code Sec. 11351. Cal.Health & Safety Code Sec. 11351 (Deering 1993). On December 2, 1991, Border Patrol Agents in Fresno, California, discovered that Galarza-Noges illegally reentered the United States. On February 18, 1992, Galarza-Noges entered a plea of guilty pursuant to a plea agreement in which the Government agreed to recommend a two-level sentencing reduction for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), along with a recommendation that Galarza-Noges be sentenced at the low end of the Guideline range. On March 9, 1992, the district court sentenced Galarza-Noges to 51 months. On March 16, 1992, Galarza-Noges wrote a letter to the district court asking that an appeal be filed on his behalf in order to challenge the "term handed down." The court sent the letter to defense counsel who filed a notice of appeal on March 23, 1992. On April 1, 1992, Galarza-Noges wrote another letter to the district court explaining that he returned to the United States in order to provide financial support for his wife and two children who reside in California. On October 7, 1993, the Office of the Clerk for the United States Court of Appeals for the Ninth Circuit notified all parties in this case that the court was considering submission of the case without oral argument. On October 19, 1993, the Office of the Clerk received a letter from Galarza-Noges which effectively asked the court to appoint a new attorney.
 
 II.
 SENTENCING
 
 6
 Defense counsel submits that there is no basis upon which Galarza-Noges can challenge his sentence on appeal. The proper base offense level for a violation of 8 U.S.C. Sec. 1326 is 8. U.S.S.G. Sec. 2L1.2(a). Because Galarza-Noges was previously deported for possessing heroin for sale, which is defined in Application Note 7 of section 2L1.2 as an aggravated felony, the base level is increased by 16. U.S.S.G. Sec. 2L1.2(b)(2). Therefore, the pre-adjusted base level is 24. Because the Government agreed to recommend a two-level departure for acceptance of responsibility, the level was reduced to 22. The appropriate sentencing range was 51 to 63 months. The district court imposed the lowest possible sentence of 51 months.
 
 
 7
 18 U.S.C. Sec. 3742 provides, in pertinent part, that a defendant may appeal a sentence which (1) was imposed in violation of law, or (2) was imposed as a result of an incorrect application of the Sentencing Guidelines. Neither of these provisions apply to Galarza-Noges' appeal. The district court correctly calculated the base offense level and imposed the minimum sentence within the recommended range in accordance with the plea agreement. Galarza-Noges failed to demonstrate that the sentence imposed was in violation of the law. Additionally, Galarza-Noges failed to demonstrate that the district court incorrectly applied the Sentencing Guidelines. Therefore, we lack authority to review this sentence because it is within the correctly applied Guideline range and was not imposed in violation of the law. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 III.
 
 8
 THE RECORD IS INSUFFICIENT TO DETERMINE IF GALARZA-NOGES'
 
 
 9
 ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL
 
 
 10
 Galarza-Noges contends that his trial counsel was ineffective because no collateral attack was made on his prior conviction and deportation order. In his letter to the district court dated March 16, 1992, Galarza-Noges states that "I have many questions to ask and can't even find answer (sic) from my Federal Defendor (sic) Victor M. Chaves (sic)." Additionally, on June 18, 1993, Galarza-Noges submitted a four page declaration in which he documents "to the best of [his] recollection" a dialogue which occurred between himself and his defense attorney. The purpose of the declaration is apparently to imply that defense counsel was ineffective because counsel failed to challenge the validity of Galarza-Noges' prior state conviction and deportation order.
 
 
 11
 Generally, we will not review challenges to the effectiveness of defense counsel on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). "Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." Id. We have indicated that we may address claims of ineffective assistance of counsel on direct appeal where the record is sufficiently complete to allow for meaningful review, United States v. O'Neal, 937 F.2d 1369, 1376 (9th Cir.1991), however, such a review is not appropriate here. In this matter, the record on appeal is brief and contains only generalized assertions of incompetency. Therefore, the record is insufficient to review Galarza-Noges' ineffectiveness claim. Accordingly, we decline to address this claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. p. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3