26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Richard MENDEZ, Defendant-Appellant.
 No. 93-50614.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Richard Mendez appeals his 188-month sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Mendez contends the district court failed to state adequately its reasons for sentencing him at the high end of the applicable Guidelines range. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether a district court adequately set forth its reasons for imposing a particular sentence within the guideline range. United States v. Wilson, 7 F.3d 828, 839 (9th Cir.1993). Title 18 U.S.C. Sec. 3553(c) requires the district court to state reasons for imposing a sentence "at a particular point within the range" if the applicable range exceeds 24 months. The court's statement "must discuss the factors on which the particular sentence is based, including 'individual considerations of background, character, and conduct, as well as the systematic goals of deterrence, rehabilitation, and consistency in sentencing.' " Wilson at 839 (quoting United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990), cert. denied, 499 U.S. 930 (1991)). In determining the sentence, the district court must consider, among other factors, the defendant's past conduct and the need to protect the public from further crimes by the defendant. 18 U.S.C. Sec. 3553(a); see also United States v. Johnson, 953 F.2d 1167, 1173 (9th Cir.), cert. denied, 113 S.Ct. 226 (1992).
 
 
 4
 Here, the applicable Guideline range was 151 to 188 months' imprisonment. The district court imposed a sentence at the high end of the range, stating:
 
 
 5
 "[U]nfortunately, Mr. Mendez, for whatever the influences, drugs, lack of parental guidance, and so forth, have led you to a path which makes you a genuine threat ... based upon your records from your early beginning until now, and I think the time has come where we can't take further chances with you....
 
 
 6
 The justification for the sentence ... is this defendant's extensive record of serious crimes and a lack of committment to freedom when he has been given parole.
 
 
 7
 And it appears to the Court that unfortunately for the defendant, the defendant places a great risk to society and, therefore, a sentence of 188 months is required."
 
 
 8
 This statement, which indicates that the court considered Mendez's family background, his involvement with drugs, his repeated parole violations, and the nature of his past offenses, satisfied the requirements of section 3553(c). See Johnson, 953 F.2d at 1173 (statement of reasons adequate where district court explained that sentence at high end of range was warranted where defendant had committed four prior robberies, each within a short time of his release, defendant had not overcome drug problem, and protection of public required the maximum sentence).[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mendez contends the statement was inadequate because the court failed to consider the fact that Mendez's criminal history had been taken into account in determining his career offender status. This contention lacks merit. Section 3553(a)(1) specifically directs the sentencing court to consider the defendant's history in determining the sentence
 We lack authority to review a district court's choice of a particular sentence within the correct range. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).