32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Tecumsah FISHER, Defendant-Appellant.
 No. 91-50085.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Tecumsah Fisher appeals the five-year sentence imposed upon revocation of probation. Fisher contends that the district court abused its discretion by imposing the five-year sentence without stating reasons. He also contends that the district court intended to impose a four-year and two-month sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 In March 1987, Fisher was convicted of two firearms charges. He was sentenced, pre-Sentencing Guidelines, to five years' probation upon completion of a two-year custodial term. He was ordered not to possess "any weapon, any part of a weapon, [or] any item that looks like a weapon" as a condition of probation. In January 1991, Fisher admitted that he had violated his probation by possessing guns on two occasions as well as testing positive for drugs, associating with a felon and drug traffickers, and resisting arrest. The district court revoked Fisher's probation and imposed a five-year sentence of imprisonment.
 
 
 4
 Before the Guidelines were enacted, a sentencing judge had "virtually unfettered discretion in imposing sentence." See United States v. Barker, 771 F.2d 1362, 1364 (9th Cir.1985). Absent an abuse of discretion or constitutional concerns, sentences within the statutory limit are not reviewable. United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988); United States v. Potts, 813 F.2d 231, 233 (9th Cir.1987).
 
 
 5
 Fisher does not challenge the decision to revoke probation, only the length of the sentence. Because the sentence did not exceed either that which could have been imposed originally or the statutory limits, we conclude that the district court did not abuse its discretion by imposing a five-year sentence. See 18 U.S.C. Sec. 3653 (repealed Nov. 1, 1987, but applicable to offenses committed before Nov. 1, 1987); United States v. Clayton, 588 F.2d 1288, 1291 (9th Cir.1979). Moreover, the district court stated that it was imposing sentence because Fisher had involved himself with guns despite the explicit prohibition of such conduct in the conditions of his probation. The court described the gun violations as "very significant and serious" and "egregious." We discern no error in these reasons.
 
 
 6
 Fisher speculates that the district court applied the wrong statute. Under 18 U.S.C. Sec. 3565(b), which applies to offenses committed after November 1, 1987, if the defendant violated probation by "actual possession of a firearm," the district court "shall ... revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing." Because the district court was aware that this was a pre-Guidelines case, there is no evidence to support Fisher's contention that the district court applied the wrong statute. Moreover, the sentencing options under Sec. 3565(b) are the same as those under the pre-Guidelines Sec. 3653, that is, the district court was free to impose any sentence that could have originally been imposed. Compare United States v. White, 925 F.2d 284, 286 (9th Cir.1991) (when district court revokes probation in a Guidelines case, it must impose a sentence that was available at the time of initial sentencing) with United States v. Freeman, 922 F.2d 1393, 1395 n. 3 (9th Cir.1991) (when district court revokes probation in a pre-Guidelines case, it may impose any sentence that might originally have been imposed).
 
 
 7
 Finally, Fisher argues that the district court intended to impose a sentence below five years because it ordered credit for the approximately ten months Fisher served on his parole violation for the same underlying conduct. This issue was raised and briefed in connection with a motion brought pursuant to 28 U.S.C. Sec. 2255 and a letter written by the Warden, but the district court did not resolve it, apparently due to the pendency of this appeal. The government concedes that Fisher may pursue this claim in the district court. See United States v. Caterino, No. 93-50184, slip op. 7655, 7661 n. 1 (9th Cir. July 14, 1994) (noting that district courts have authority to correct erroneous sentences under 28 U.S.C. Sec. 2255); United States v. Berry, 814 F.2d 1406, 1410 (9th Cir.1987) (disputes on credit for days spent in custody in connection with the offense should be presented to Bureau of Prisons before seeking relief in federal court). Because the issue is best resolved by the district court in the first instance, we express no view on the merits.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3