36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin ROCHA-LEON, Defendant-Appellant.
 No. 93-50130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Rocha-Leon appeals his eighteen month sentence under the Sentencing Guidelines, following the revocation of his supervised release after he admitted to violating the conditions of his release by importing and possessing fifty-six pounds of marijuana. Rocha-Leon was initially sentenced to a 21 month term of imprisonment to be followed by three years of supervised release for his guilty plea conviction to conspiracy to possess a controlled substance with intent to distribute. Rocha-Leon contends that the district court erred by not sentencing him to the mandatory minimum term of one third of the term of supervised release, or one year, pursuant to the requirements of 18 U.S.C. Sec. 3583(g).[1] The parties agreed and the district court found the applicable Guideline range for Rocha-Leon's revocation of supervised release was twelve to eighteen months, pursuant to U.S.S.G. Sec. 7B1.4. There is no conflict between the Guidelines and the minimum statute term where, as here, the eighteen month term imposed by the district court was within the Guideline range,[2] and complied with the minimum term requirement of at least one year as proscribed by 18 U.S.C. Sec. 3583(g). The district court is
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. Sec. 3583(g) provides:
 If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.
 
 
 [2]
 Rocha-Leon alternatively contends that he should have received a mid-range sentence of fifteen months. This court lacks jurisdiction to review a sentence imposed within the applicable range. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990)