39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor CERVANTES-MARTINEZ, Defendant-Appellant.
 No. 93-50540.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Cervantes-Martinez conditionally pled guilty to illegal re-entry into the United States after having previously been convicted of aggravated and unaggravated felonies in violation of 8 U.S.C. Secs. 1326(a) and (b). He appeals (1) the district court's denial of his motion to suppress, (2) the district court's decision to apply the 1991 Sentencing Guidelines, (3) his sentence in excess of two years, and (4) the district court's imposition of a sentence in the middle of the Guidelines range. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 I. Motion to Suppress
 
 3
 A trial court's denial of a motion to suppress is reviewed de novo. United States v. Lillard, 929 F.2d 500, 502 (9th Cir.1991). The government acknowledges that Cervantes' arrest was unlawful because it was made without a warrant.
 
 
 4
 Cervantes' argument that information contained in his INS file and his in-court identification should have been suppressed is foreclosed by our recent decision in United States v. Guzman-Bruno, No. 93-50376, slip op. at 11568 (9th Cir. Sept. 23, 1994) ("[D]istrict court did not err when it held that neither Guzman-Bruno's identity nor the records of his previous convictions and deportations could be suppressed as a result of [an] illegal arrest.").
 
 
 5
 The district court held that Cervantes' post-arrest statements were admissible under the attenuation doctrine in Brown v. Illinois, 422 U.S. 590 (1975). We need not determine whether the attenuation test in Brown was satisfied because we conclude that Cervantes' statements were admissible under New York v. Harris, 495 U.S. 14 (1990). See United States v. Johnson, 820 F.2d 1065, 1072 n. 7 (9th Cir.1987) (denial of motion to suppress can be affirmed on any basis fairly supported by the record). In Harris, the arresting officers arrested the defendant inside his home without a warrant. They had probable cause to make the arrest. The Court held that
 
 
 6
 [b]ecause the officers had probable cause to arrest Harris for a crime, Harris was not unlawfully in custody when he was removed to the station house, given Miranda warnings, and allowed to talk.
 
 
 7
 495 U.S. at 18. Here, like Harris, the arresting officers had probable cause to arrest Cervantes. Since the officers "had a justification to question [Cervantes] prior to his arrest, ... his subsequent statement was not an exploitation of the [illegal arrest]." Id. at 19. His statement was not "the product of illegal governmental activity." Id.
 
 
 8
 II. Applicability of November 1, 1991 Sentencing Guidelines
 
 
 9
 Cervantes argues that the district court should have sentenced him under the November 1, 1990 Guidelines because his crime was "complete" prior to the effective date of the November 1, 1991 Guidelines. His argument is foreclosed by our decision in Guzman-Bruno, where we held that "[a] violation of 8 U.S.C. Sec. 1326 for being found in the United States after a prior deportation is a continuing offense which continues so long as the alien remains in the country." Guzman-Bruno, slip op. at 11570. Cervantes continued to violate Sec. 1326 until he was arrested in September 1992. Id. The district court correctly determined that the November 1, 1991 Guidelines applied.
 
 III. INS Form I-294
 
 10
 Cervantes argues that because INS Form I-294 incorrectly informed him that he faced a maximum sentence of two years if he re-entered the United States, the government should be equitably estopped from seeking a sentence in excess of two years. We rejected an identical argument in United States v. Ullyses-Salazar, No. 93-50144, slip op. at 6549-6552 (9th Cir. June 20, 1994).
 
 
 11
 In Ullyses-Salazar, we did not decide whether a defendant who relied on INS Form I-294 could be eligible for a downward departure in his sentence. See id., slip op. at 6552. Cervantes claims that he relied on Form I-294. However, he did not request a downward departure based on that reliance. Further, even if he had made such a request, we are satisfied that the district court's factual finding that Cervantes did not rely on Form I-294 is supported by the record.
 
 IV. The Escape Attempt
 
 12
 Cervantes argues that the district court erred in concluding that he participated in an escape attempt. We lack jurisdiction to decide the question because Cervantes' sentence (83 months) was within the range prescribed by the Sentencing Guidelines (77-96 months). See United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3