**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel MUNGIA–MEDINA, aka, Daniel Mungiz–Madina, et al., Defendant—Appellant.**

**No. 01–30092.**

**D.C. No. CR–00–02116–FVS.**

United States Court of Appeals, Ninth Circuit.

Submitted June 28, 2002.*

Decided Oct. 3, 2002.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Daniel Mungia–Medina appeals from his sentence following his guilty plea to one count of possession with intent to distribute 500 grams or more of methamphetamine. We affirm.

Mungia–Medina argues that the probation officer's description in the Presentence Report ("PSR") of his state conviction for driving under the influence was insufficient evidence to support an increase in his criminal history points, and thus deny him the application of the "safety valve" provision of U.S.S.G. § 5C1.2 because he was on probation when he committed the instant offense. This court has held that when a defendant does not deny a prior conviction, the probation officer's attestation of the conviction in the PSR is sufficient to establish the conviction by a preponderance of the evidence. *United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998). In this case, the probation officer relied on a computer-generated docket sheet from the state court, a copy of which was presented at the hearing. There were sufficient indicia of reliability to allow the district court to consider the prior conviction. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1162–63 (9th Cir.2000).

There is no requirement that the government demonstrate that no other records are available, nor must a defendant affirmatively admit the prior conviction. There was ample evidence that Mungia–Medina used the alias Francisco Rangel. Finally, the district court was not required to follow the government's recommendation that the safety valve be applied. Mungia–Medina had agreed that he understood that the government's recommendation was not binding on the court, and we have held that the court is not required to follow such a recommendation. *See United States v. Pelayo–Bautista,* 907 F.2d 99, 102 (9th Cir.1990).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.